**NO.** ___14-1219___

---

## IN THE UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

KAREN HUSTON and VERLON HUSTON,

Plaintiffs-Appellants,

**v.**

JOHNSON & JOHNSON and ETHICON, INC.,

Defendants-Appellees.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

---

## OPENING BRIEF OF APPELLANTS

---

James H. Cook
Dutton, Braun, Staack & Hellman
3151 Brockway Rd.
Waterloo, IA 50701
(319) 234-4471 - Telephone
(319) 234-8029 - Fax
cookj@wloolaw.com

Susanna M. Moldoveanu
Butler Snow LLP
6075 Poplar Ave., Suite 500
Memphis, TN 38119
(901) 680-7339 - Telephone
(901) 680-7201 - Fax
susanna.moldoveanu@butlersnow.com

(Continuation of Counsel - Inside Cover)

*Counsel for* Appellants

*Counsel for* Appellees

Philip J. Combs
Thomas Combs & Spann, PLLC
P.O. Box 3824
Charleston, WV 25338
(304) 414-1805 - Telephone
(304) 414-1801 - Fax
pcombs@tcspllc.com

*Counsel for* Appellees

David B. Thomas
Thomas Combs & Spann, PLLC
P.O. Box 3824
Charleston, WV 25338
(304) 414-1800 - Telephone
(304) 414-1801 - Fax
dthomas@tcspllc.com

*Counsel for* Appellees

John C. Henegan
Butler Snow LLP
1020 Highland Colony Parkway
Suite 1400
Ridgeland, MS 39157
(601) 985-4530 - Telephone
(601) 985-4500 - Fax
john.henegan@butlersnow.com

*Counsel for* Appellees

Daniel R. Higginbotham
Thomas Combs & Spann, PLLC
P.O. Box 3824
Charleston, WV 25338
(304) 414-1800 - Telephone
(304) 414-1801 - Fax
dhigginbotham@tcspllc.com

*Counsel for* Appellees

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of <u>all</u> parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. 14-1219 _____ Caption: Karen Huston and Verlon Huston v. Johnson & Johnson and Ethicon, Inc.

Pursuant to FRAP 26.1 and Local Rule 26.1,

Karen Huston
_____
(name of party/amicus)

_____

who is _____ Appellant _____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1. Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2. Does party/amicus have any parent corporations?  ☐ YES ☑ NO
   If yes, identify all parent corporations, including grandparent and great-grandparent
   corporations:

3. Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or
   other publicly held entity?  ☐ YES ☑ NO
   If yes, identify all such owners:

4.    Is there any other publicly held corporation or other publicly held entity that has a direct financial interest in the outcome of the litigation (Local Rule 26.1(b))? ☐ YES ☑ NO
If yes, identify entity and nature of interest:

5.    Is party a trade association? (amici curiae do not complete this question) ☐ YES ☑ NO
If yes, identify any publicly held member whose stock or equity value could be affected substantially by the outcome of the proceeding or whose claims the trade association is pursuing in a representative capacity, or state that there is no such member:

6.    Does this case arise out of a bankruptcy proceeding?      ☐ YES ☑ NO
If yes, identify any trustee and the members of any creditors' committee:

Signature: _____      Date: _____ April 18, 2014 _____

Counsel for: Karen Huston, Appellant

## CERTIFICATE OF SERVICE
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

I certify that on _____ April 18, 2014 _____ the foregoing document was served on all parties or their counsel of record through the CM/ECF system if they are registered users or, if they are not, by serving a true and correct copy at the addresses listed below:

_____
(signature)

_____ April 18, 2014 _____
(date)

- 2 -

UNITED STATES COURT OF APPEALS FOR THE FOURTH CIRCUIT
DISCLOSURE OF CORPORATE AFFILIATIONS AND OTHER INTERESTS

Disclosures must be filed on behalf of all parties to a civil, agency, bankruptcy or mandamus case, except that a disclosure statement is **not** required from the United States, from an indigent party, or from a state or local government in a pro se case. In mandamus cases arising from a civil or bankruptcy action, all parties to the action in the district court are considered parties to the mandamus case.

Corporate defendants in a criminal or post-conviction case and corporate amici curiae are required to file disclosure statements.

If counsel is not a registered ECF filer and does not intend to file documents other than the required disclosure statement, counsel may file the disclosure statement in paper rather than electronic form. Counsel has a continuing duty to update this information.

No. 14-1219       Caption: Karen Huston and Verlon Huston v. Johnson & Johnson and Ethicon, Inc

Pursuant to FRAP 26.1 and Local Rule 26.1,

Verlon Huston
(name of party/amicus)

who is _____Appellant_____, makes the following disclosure:
(appellant/appellee/petitioner/respondent/amicus/intervenor)

1.   Is party/amicus a publicly held corporation or other publicly held entity?  ☐ YES ☑ NO

2.   Does party/amicus have any parent corporations?                    ☐ YES ☑ NO
     If yes, identify all parent corporations, including grandparent and great-grandparent corporations:

3.   Is 10% or more of the stock of a party/amicus owned by a publicly held corporation or other publicly held entity?                    ☐ YES ☑ NO
     If yes, identify all such owners:

10/28/2013 SCC                    - 1 -

4.  Is there any other publicly held corporation or other publicly held entity that has a direct
    financial interest in the outcome of the litigation (Local Rule 26.1(b))?      ☐YES ☑NO
    If yes, identify entity and nature of interest:

5.  Is party a trade association? (amici curiae do not complete this question)   ☐YES ☑NO
    If yes, identify any publicly held member whose stock or equity value could be affected
    substantially by the outcome of the proceeding or whose claims the trade association is
    pursuing in a representative capacity, or state that there is no such member:

6.  Does this case arise out of a bankruptcy proceeding?                     ☐YES ☑NO
    If yes, identify any trustee and the members of any creditors' committee:

Signature: _____          Date: _____ April 18, 2014 _____

Counsel for: Vernon Huston, Appellant

## CERTIFICATE OF SERVICE
**************************

I certify that on _____ April 18, 2014 _____ the foregoing document was served on all parties or their
counsel of record through the CM/ECF system if they are registered users or, if they are not, by
serving a true and correct copy at the addresses listed below:

_____
(signature)

_____ April 18, 2014 _____
(date)

- 2 -

# TABLE OF CONTENTS

Page

STATEMENT OF SUBJECT MATTER AND APPELLATE
JURISDICTION ................................................. 1

ISSUE PRESENTED FOR REVIEW ................................ 1

STATEMENT OF THE CASE ...................................... 2

SUMMARY OF ARGUMENT ...................................... 2

ARGUMENT .................................................... 3

I. THE STANDARD OF REVIEW FOR THE DISTRICT COURT'S
DISMISSAL OF HUSTONS' ACTION IS ABUSE OF DISCRETION ....... 3

II. THE DISTRICT COURT ABUSED ITS DISCRETION IN
DISMISSING HUSTONS' ACTION .................................. 3

    A. DISMISSAL VIOLATES FRCP RULE 11 AND MDL
    RULE 10.15 SINCE THERE WERE NO PRIOR, LESSER
    SANCTIONS IMPOSED AND IGNORED BY HUSTONS ........... 4

    B. THE TRIAL COURT ABUSED ITS DISCRETION .............. 5

        1. PLAINTIFFS DID NOT ACT IN BAD FAITH
        BECAUSE THEIR FAILURE TO SERVE A TIMELY
        PPF WAS THE PRODUCT OF INADVERTENCE
        AND NOT A PATTERN OF DISCOVERY ABUSE ........... 7

        2. PLAINTIFFS' TARDINESS IN SERVING THE PPF
        DID NOT UNDULY PREJUDICE DEFENDANTS
        GIVEN THAT THIS CASE HAD NO TRIAL
        SETTING OR PRETRIAL DEADLINES AT
        THE TIME OF THE MOTION ........................... 8

i

3. PLAINTIFFS' LATE PPF SERVICE DOES NOT
WARRANT DETERRENT MEASURES BECAUSE IT
CONSTITUTES BUT A SINGLE DISCOVERY ERROR ...... 10

4. PLAINTIFFS' CONDUCT SHOULD NOT YIELD
DEATH PENALTY SANCTIONS GIVEN THAT
LESSER PUNISHMENTS HAD NOT YET BEEN
IMPOSED OR CONSIDERED ........................... 10

III. PTO #17 VIOLATES DUE PROCESS AND IS FUNDAMENTALLY
UNFAIR IN THAT IT TREATS DEFENDANTS MORE FAVORABLY
THAN PLAINTIFFS ............................................. 12

IV. PTO #17 CONFLICTS WITH THE FRCP AND REQUIRES THAT
ONLY PROCEEDINGS AGAINST DEFAULTING DEFENDANTS
FOLLOW PROCEDURES MANDATES BY FRCP RULE 37 ............ 15

V. CONCLUSION ............................................... 17

REQUEST FOR ORAL ARGUMENT ............................... 19

CERTIFICATE OF COMPLIANCE ................................ 20

ii

# TABLE OF AUTHORITIES

**Cases**                                                           **Page(s)**

*Anderson v. Foundation for Advancement, Educ. and
Employment of American Indians,*
        155 F.3d 500 (4th Cir. 1998) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  16, 17

*Coppedge v. United States,*
        369 U.S. 438, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962) . . . . . . . . . . . . . . . .  12, 15

*Flores v. Ethicon, Inc.,*
        2014 WL 1259568 (4th Cir. 2014) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  10

*Hathcock v. Navistar Intern. Transp. Corp.,*
        53 F.3d 36 (4th Cir. 1995) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 11

*In re Asbestos Products Liability Litigation (No. VI),*
        718 F.3d 236 (3rd Cir. 2013) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

*In re Kunstler,*
        914 F.2d 505 (4th Cir. 1990) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  4, 5

*In re Phenylpropalomine (PPC) Products Liability Litigation,*
        460 F.3d 1217 (9th Cir. 2006) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  3

*In re Vioxx Prods. Liab. Litig.,*
        MDL Docket No. 1657, 2007 WL 3354137 (E.D. La. Nov. 9, 2007) . . .  10

*Mutual Fed. Sav. and Loan Ass'n v. Richards & Associates, Inc.,*
        872 F.2d 88 (4th Cir. 1989) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  6, 7, 8, 11

*Nat'l Hockey League v. Metro. Hockey Club, Inc.,*
        427 U.S. 639 (1976) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Rabb v. Amatex Corp.,*
        769 F.2d 996 (4th Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .  8

*Reid v. Potter*,
  Civ. No. 3:06cv267, 2007 WL 3396424 (W.D.N.C. Nov 9, 2007) ...... 7

*So. Mgt. Corp. Retirement Trust v. Rood*,
  No. 12-2359, 2013 WL 3455782 (4th Cir. July 10, 2013) ............. 8

*U.S.A. v. Godwin,*
  272 F.3d 659 (4th Cir. 2001) ................................. 12, 15

*United States v. Buckingham Limited Partnership*,
  Case No. 89100244, 1990 WL 511971 (O.C.A.H.O. Apr. 6, 1990) ..... 8

*United States v. Delfino*,
  510 F.3d 468 (4th Cir. 2007) ................................... 3

*United States v. Shaffer Equip. Co.*,
  11 F3d 450 (4th Cir. 1993) ..................................... 6

*Wilson v. Volkswagen of Am., Inc.*,
  561 F2d 494 (4th Cir. 1977) ........................... 5, 7, 16, 17

*Young Again Prods., Inc. v. Acord*,
  No. 09-1481, 2011 WL 6450843 (4th Cir. Dec. 23, 2011) ......... 7, 10

## Other Authorities

Federal Rules of Civil Procedure Rule 37 ........................ 16

Multi-District Litigation Manual Rule 10.15 ...................... 4

Multi-District Litigation Manual Rule 10.153 ..................... 4

Multi-District Litigation Manual Rule 10.154 ..................... 4

iv

IN THE UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

_____

Docket No. 14-1219
_____

KAREN HUSTON and VERLON HUSTON,

Plaintiffs/Appellants,

vs.

JOHNSON & JOHNSON and ETHICON, INC.,

Defendants/Appellees.
_____

**STATEMENT OF SUBJECT MATTER AND
APPELLATE JURISDICTION**

The Court of Appeal has jurisdiction pursuant to 28 U.S.C.§ 1291.

This matter was originally filed in the U.S. District Court for the Northern

District of Iowa on November 2, 2012 on the basis of diversity of citizenship under

28 U.S.C. § 1441(a). JA 1, 8. It was transferred to the U.S. District Court for the

Southern District of West Virginia, for inclusion in MDL No. 2327 effective January

22, 2013. JA 2, 21.

**ISSUE PRESENTED FOR REVIEW**

Whether the district court abused its discretion in dismissing the Hustons'

1

action for failure to timely file a Plaintiff Profile Form where there was no history of Hustons ignoring lesser sanctions and no demonstrable prejudice to the defendants.

## STATEMENT OF THE CASE

Plaintiffs filed their case in the U.S. District Court for the Northern District of Iowa on November 2, 2012. JA 1, 8. A Conditional Transfer Order was entered on December 26, 2012. JA 2. The case was transferred to the Southern District of West Virginia for inclusion in MDL 2327 effective January 22, 2013. JA 2, 21. On November 25, 2013, plaintiffs served their Plaintiff Profile Form. JA 113. On December 2, 2012, defendants filed their motion to dismiss. JA 6, 119. Plaintiffs filed their opposition to this motion on December 12, 2013. JA 6, 124. On February 10, 2014, the court granted defendants' motion to dismiss, but without prejudice. JA 6, 131. Plaintiffs filed their notice of appeal on March 11, 214.

## SUMMARY OF ARGUMENT

The district court abused its discretion because there had been no prior failure to comply with a Case Management Order, and no prior sanctions, of any type, had been imposed on Hustons. Further, there was no demonstrable prejudice to the defendants owing to the delay.

2

## ARGUMENT

## I. THE STANDARD OF REVIEW FOR THE DISTRICT COURT'S DISMISSAL OF THE HUSTONS' ACTION IS ABUSE OF DISCRETION

The appellate court reviews a dismissal for violation of a Case Management Order for abuse of discretion. *In re Phenylpropalomine (PPC) Products Liability Litigation*, 460 F.3d 1217, 1226 (9th Cir. 2006); *In re Asbestos Products Liability Litigation (No. VI)*, 718 F.3d 236, 243(3rd Cir. 2013). "A district court abuses its discretion when it acts arbitrarily or irrationally, fails to consider recognized factors constraining its exercise of discretion, relies on erroneous factual or legal premises, or commits an error of law." *United States v. Delfino*, 510 F.3d 468, 470 (4th Cir. 2007).

## II. THE DISTRICT COURT'S ABUSED ITS DISCRETION IN DISMISSING THE HUSTONS' ACTION

No warning was given, except in Case Management Order No. 17, of the possibility that failure to timely submit a PPF would result in dismissal. No specific warning was given to the Hustons by the Court or defense counsel, and there was no meet and confer. There were no prior delicts, and no sanctions had previously been imposed, and ignored. The district court abused its discretion. Further, there was no demonstrable prejudice to the defendants ascribable to the delay.

3

## A. DISMISSAL VIOLATES FRCP RULE 11 AND MDL RULE 10.15 SINCE THERE WERE NO PRIOR, LESSER SANCTIONS IMPOSED AND IGNORED BY HUSTONS

The extreme sanction of dismissal imposed by on the Hustons violates Multi-District Litigation Manual Rule 10.15, which emphasizes sanctions are to be imposed on a graduating scale, with more severe sanctions imposed only after milder sanctions have proved ineffective.

Rule 10.153 states, in part: "Some types of nonmonetary sanctions may affect the litigation's outcome. A judge should impose, dismissal, default, or preclusion of a claim or evidence only in egregious circumstances and only after consideration of the following factors: [¶] the *availability of less severe sanctions*." (Emphasis added.)

Rule 10.154 states, "In imposing the least severe sanction adequate to accomplish the intended purpose, the court can select from a broad range of options. . . . More serious actions, reserved for egregious circumstances, include the following: [¶] *Dismissal*. This severe sanction would generally not be imposed until the affected party has been warned and given a chance to take remedial action, and then only when lesser sanctions, such as dismissal without prejudice and assessment of costs would be ineffective."

Under Rule 11, the district court is required to impose the least severe sanction adequate to serve the purposes of the Rule. *In re Kunstler*, 914 F.2d 505, 522 (4th Cir.

4

1990).  Here, the district court dismissed  Hustons' action without first imposing
lesser sanctions.

## B.  THE TRIAL COURT ABUSED ITS DISCRETION

The harsh remedy of dismissal with prejudice should not be the Court's first
(and only) punitive measure against plaintiffs for a singular discovery error that
plaintiff has corrected.  Plaintiffs' PPF was served on 11/25/13, one week before the
instant motion was filed.  JA 113.  Plaintiffs' case should not have been dismissed for
any of three independent reasons.  First, Plaintiffs did not engage in a pattern of
discovery abuse. Rather, plaintiffs' failure to timely serve their Plaintiff Profile Form
is the only suggestion of wrongdoing.  Second, Plaintiffs' corrected error did not
unduly prejudice defendants given that plaintiffs' case was not scheduled for pretrial
discovery at the time of the motion to dismiss, let alone trial.  Finally, lesser sanctions
ought to be considered before the death penalty is even on the table.

The district court has broad discretion in determining whether to dismiss a case
with prejudice.  But that discretion is not unbridled. *Wilson v. VW of America*, 561
F2d 494, 503 (4th Cir. 1977) ("The power to impose sanctions under Rule 37(b)…is
not, however, a discretion without bounds or limits but one to be exercised
discreetly."), *cert. denied*, 434 U.S. 1020 (1978). A district court's discretion is most

5

limited when the sanction being considered is dismissal. *Id.*; *Hathcock v. Navistar Intern. Transp. Corp.* 53 F.3d 36, 40 (4th Cir. 1995) ("In the case of default, the range of discretion is more narrow than when a court imposes less severe sanctions.") The district court should have viewed defendants' motion with skepticism in light of the "strong policy that cases be decided on the merits, and that dismissal without deciding the merits is the most extreme sanction" that should only be done "with restraint." *United States v. Shaffer Equip. Co.*, 11 F3d 450, 462 (4th Cir. 1993) (*quoted in Kronberg v. LaRouche*, No. 11-1015, 2012 WL 29179, at *3 (4th Cir. Jan. 6, 2012)). Dismissal with prejudice should be reserved for "only the most flagrant case, where the party's noncompliance represents bad faith and callous disregard for the authority of the district court and the Rules." *Mutual Fed. Sav. and Loan Ass'n v. Richards & Associates,, Inc.*, 872 F.2d 88, 92 (4th Cir. 1989).

This circuit has adopted a four-prong test for determining the appropriate sanction under Rule 37(b). In particular, the standards for evaluating discovery noncompliance are as follows:

    (1)    Whether the noncomplying party acted in bad faith;

    (2)    The amount of prejudice his noncompliance caused his adversary;

    (3)    The need for deterrence of the particular sort of noncompliance; and

    (4)    The effectiveness of less drastic sanctions.

6

*Mutual Fed. Sav. and Loan Ass'n*, 872 F.2d at 92 (*citing Wilson*, 561 F.2d at 503-05) (*quoted in Young Again Prods., Inc. v. Acord*, No. 09-1481, 2011 WL 6450843, at *7 (4th Cir. Dec. 23, 2011), *cert. denied*, 133 S. Ct. 140 (U.S. Oct. 1, 2012).

### 1.   Plaintiffs did not act in bad faith because their failure to serve a timely PPF was the product of inadvertence and not a pattern of discovery abuse.

The phrase "bad faith" in the first prong of the test for sanctions refers to a pattern of noncompliance. *Young Again Prods.*, 2011 WL 6450843, at *7. "Bad faith is demonstrated by consistent disregard of discovery deadlines and 'eleventh hour' requests for extensions." *Reid v. Potter*, Civ. No. 3:06cv267, 2007 WL 3396424, at *3 (W.D.N.C. Nov 9, 2007) (*citing Zornes v. Specialty Industries, Inc.*, No. 97-2337, 1998 WL 886997, at *7 (4th Cir. May 7, 1998)). Indeed, the cases in which dismissal orders have been affirmed involved multiple violations of discovery orders. As the United States Supreme Court wrote in affirming such an order in a case defendant also cites:

> The District Court was extremely patient [17 months] in its efforts to allow the respondents ample time to comply with its discovery orders. Not only did respondents fail to file their responses on time, but the responses which they ultimately did file were found by the District Court to grossly inadequate.

7

*Nat'l Hockey League v. Metro. Hockey Club, Inc.*, 427 U.S. 639, 642 (1976); *see also*

*So. Mgt. Corp. Retirement Trust v. Rood*, No. 12-2359, 2013 WL 3455782, at *2 (4th

Cir. July 10, 2013), *aff'd*, No. 12-2319, 2013 WL 3722354 (4th Cir. July 17, 2013)

("continuing violations of discovery orders" and failure to comply with a sanctions

order made dismissal appropriate); *Mutual Fed. Sav. and Loan Ass'n*, 872 F.2d at 94

(13 months of "subterfuge and direct defiance" of court authority). In a case that

defendant cites, *Rabb v. Amatex Corp.*, 769 F.2d 996 (4th Cir. 1985) (Mot. at 3), the

court approved dismissal because the discovery abuse constituted "utter disregard"

and "willful disregard" of the court's discovery orders. *Rabb*, 769 F.2d at 1000; *see

also United States v. Buckingham Limited Partnership*, Case No. 89100244, 1990

WL 511971, at *10 (O.C.A.H.O. Apr. 6, 1990) (interpreting *Rabb* as requiring abuse

to amount to "deliberate disregard" to justify dismissal).

Plaintiffs, here, engaged in but a single act of discovery noncompliance.

**2.    Plaintiffs' tardiness in serving the PPF did not unduly prejudice defendants given that this case had no trial setting or pretrial deadlines at the time of the motion.**

If this case was in the late stages of discovery, defendants might have a viable

complaint of prejudice. But the case had no trial setting or even a date for the first

8

deposition. Plaintiffs' late filing of the PPF therefore posed no prejudice.[1]

Defendants note below that the PPF is essential to its pursuit of defenses. JA 121. No one contests that. The question is whether the brief delay in securing the profile form that was occasioned by plaintiffs' temporary omission prejudiced defendants. Defendants cited Judge Fallon's article on MDL bellwether trials in support of the fact sheet's importance. (*Id.*) But in the Vioxx litigation, Judge Fallon did not dismiss cases upon first claim of tardiness in fact sheet production. Rather, Judge Fallon required defendants, first, to notify plaintiff of the deficiency, and if the deficiency was not cured, to file a motion for a show cause order. Only if the plaintiff failed to respond to the show cause motion would the plaintiff risk dismissal. The Vioxx MDL court order on the matter stated:

> C. Plaintiffs who fail to fully comply with the requirements of this Order shall be given notice by e-mail or fax from Defendants' Liaison Counsel or his designee and shall be provided thirty (30) additional days to cure such deficiency ("Cure Period"). No other extensions will be granted, except for good cause shown. If Plaintiff fails to cure the deficiency within the Cure Period, Defendant's Liaison Counsel shall file a motion to show cause why the claim should not be dismissed with prejudice. Plaintiff shall thereupon have thirty (30) days to respond to the Notice to Show Cause. Any failure to respond to the Motion within the required period of time shall lead to the dismissal of the claims with prejudice.

---

[1] Although admittedly late, the court below in its order of dismissal overstates the tardiness of the PPF by 81 days, based on the court's use of the filing date in plaintiffs' home district (11/21/12) rather than the date of transfer into MDL 2327 (1/22/13).

*In re Vioxx Prods. Liab. Litig.*, MDL Docket No. 1657, 2007 WL 3354137, at *3 (E.D. La. Nov. 9, 2007). Indeed, the present case is distinguishable from this court's recent decision in *Flores v. Ethicon, Inc.*, 2014 WL 1259568 (4th Cir. 2014), in that the Hustons argued below the issue at prejudice, thereby preserving that issue for appeal. *Id.* at *4 n.8.

### 3.    Plaintiffs' late PPF service does not warrant deterrent measures because it constitutes but a single discovery error.

Constant discovery abuse is the type of conduct that should give rise to policies of deterrence. *See Young Again Prods.*, 2011 WL 6450843 at *8 ("With respect to the third *Wilson* factor, we have previously found that stalling and ignoring the direct orders of the court with impunity is misconduct that must obviously be deterred.") (citation omitted). Plaintiffs have not engaged in a pattern of defiance of court orders and thus punishing them is not necessary to deter discovery abuses by others.

### 4.    Plaintiffs' conduct should not yield death penalty sanctions given that lesser punishments had not yet been imposed or considered.

Given that this was plaintiffs' first omission, no punitive measures had yet been imposed on them. Yet, consideration of alternate sanctions is appropriate before dismissal with prejudice may be imposed. In fact, when, as here, the lower court has not yet even issued an order compelling discovery from plaintiffs, dismissal is

10

inappropriate. Indeed, this court has reversed a judgment of dismissal under such circumstances.

> In addition to examining the issue of prejudice, we have also encouraged trial courts to consider imposing sanctions less severe than default. Unlike the situation in *Mutual Federal Sav. & Loan Ass'n v. Richards & Assoc.,* 872 F.2d 88, 93 (4th Cir. 1989), where costs and attorneys' fees had already been awarded before default was deemed appropriate, in this circumstance, the district court imposed no lesser sanction as a preliminary deterrent. In fact, the court did not even issue a specific order to compel the discovery of materials to which Navistar objected.

*Hathcock,* 53 F.3d at 41. The failure to impose lesser punitive measures, coupled with the absence of any real prejudice, led this court to reverse the district court order of dismissal. That was true even though the alleged discovery abuse was far more substantial and sinister than anything alleged here.

> Under these circumstances, the imposition of a default sanction amounted to an abuse of the district court's discretion, and its order must be vacated on that basis. Our decision should not, however, discourage the district from examining closely on remand the disturbing allegations of serious discovery abuse by Navistar and responding with appropriate sanctions if the situation warrants. At this point, we do not decide whether the district court's findings regarding Navistar's allegedly deceitful behavior were clearly erroneous, nor do we address Navistar's contention that the default sanction violated its due process rights.

*Id.*; *see also Mutual Fed. Sav. and Loan Ass'n*, 872 F.2d at 93 (court had already awarded attorney's fees and costs against the culpable party (to no avail) and had rejected other sanctions such as partial summary judgment and preclusion of certain defenses).

11

## III. PTO #17 VIOLATES DUE PROCESS AND IS FUNDAMENTALLY UNFAIR IN THAT IT TREATS DEFENDANTS MORE FAVORABLY THAN PLAINTIFFS

Pretrial Order #17 places unequal discovery burdens on plaintiffs, provides unequal procedures for imposition of sanctions on plaintiffs, and subjects plaintiffs to terminating sanctions where equivalent conduct by defendants cannot result in imposition of terminating sanctions.

Every party is entitled to a fair and impartial proceeding. *U.S.A. v. Godwin,* 272 F.3d 659, 679 (4th Cir. 2001). Further, all litigants are entitled to equal treatment. *Coppedge v. United States*, 369 U.S. 438, 447, 82 S.Ct. 917, 8 L.Ed.2d 21 (1962). Here, PTO #17 unfairly favors defendants over plaintiffs.

First, the Order creates unequal discovery obligations. The Order requires all plaintiffs to file a PPF, while defendants are required to file a Defense Fact Sheet (DFS) only in limited situations. Second, a plaintiff who fails to file a PPF is subject to dismissal without prior resort to "deficiency cure procedures," while defaulting defendants are not subject to a comparable sanction. Third, proceedings against defaulting defendants are governed by FRCP Rule 37, while proceedings against defaulting plaintiffs are not.

In this case, had Hustons been treated the same as a defaulting defendant, it is more than likely the underlying action would not have been dismissed.

12

Pretrial Order #17 states, in pertinent part:

> 1. Plaintiff Profile Form ("PPF")
>     *    *    *    *
>
> B. Each plaintiff in currently filed cases that were part of this MDL as of the date of entry of this Order shall submit a completed PPF to defendants within 60 days of the date of this Order. In cases filed or transferred after the date of this Order, each plaintiff shall submit a completed PPF to defendants within 60 days of filing the Short Form Complaint. Every plaintiff is required to provide the defendants with a PPF that is substantially complete in all respects . . . .
>
> c. A completed PPF shall be considered interrogatory answers under Fed. R. Civ. P. 33 and responses to requests for production under Fed R. Civ. 34, and will be governed by the standards applicable to written discovery under Federal Rules 26 through 37. . . .
>
> d. Contemporaneous with the submission of the PPF, each plaintiff shall provide the defendants with hard copies of electronic files of all medical records in their possession or control, including, in particular, records that support product identification.
>
> e. Contemporaneous with the submission of a PPF, each plaintiff shall also produce signed authorizations. . . .
>     *    *    *    *
>
> g. If a plaintiff does not submit a PPF within the time specified in this Order, defendants may move immediately to dismiss that plaintiff's case without first resorting to these deficiency cure procedures.
>     *    *    *    *
>
> i. Any plaintiff who fails to comply with the PPF obligations under this Order may, for good cause shown, be subject to sanctions, to be determined by the court, upon motion of the defendants.

JA 43-46.

In contrast, Order #17 provides a Defendant Fact Sheet "shall be completed only in those cases selected as a subgroup (not to exceed 20 cases) from which a final bellwether selection will be made." http://www.wvsd.uscourts.gov/MDL/ethicon/pdfs/PTO_17.pdf, page 6. "Defendants shall submit a substantially completed DFS for each case in the 'subgroup' identified in 3.a. above within 45 days after the entry of the Order establishing 'subgoup' plaintiffs. . . ." JA 49.

Unlike plaintiffs, defendants who do not submit a Fact Sheet are <u>not subject to immediate terminating sanctions</u>. Rather, a meet and confer procedure is mandated and FRCP 37 must be followed.

> 3d. If a defendant fails to timely submit a DFS . . . the Plaintiffs' Co-Lead Counsel shall send a deficiency letter within 10 days of receipt of a DFS by e-mail and U.S. mail to designated Counsel for that defendant, identifying the purported deficiencies. . . . *Defendant shall have twenty (20) days from receipt of that letter to serve a DFS that is substantially complete in all respects.* Should a defendant fail to cure the deficiencies identified and fail to provide responses that are substantially complete in all respects within twenty (20) days of service of the deficiency letter, *plaintiff may move for appropriate relief under Federal Rule of Civil Procedure 37. . . .*
> e. A defendant that fails to comply with DFS obligations under this Order may be subject, for good cause shown, to sanctions, to be determined by the court, including those sanctions set forth in Fed. R. Civ. P. 37.

JA 49-50, emphasis added.

14

Only defaulting plaintiffs are subject to terminating sanctions. Defaulting

defendants have 20 days after notice of default to submit a DFS. Further, the Order

does not authorize entry of default against a defendant which does not submit a DFS.

Rather, per FRCP Rule 37, a default can be entered against a defaulting defendant

only for violation of a Court order.

PTO Order #17 violates due process, is fundamentally unfair to plaintiffs, like

Hustons, and violates their right to equal treatment.

### IV. PTO #17 CONFLICTS WITH THE FRCP AND REQUIRES THAT ONLY PROCEEDINGS AGAINST DEFAULTING DEFENDANTS FOLLOW PROCEDURES MANDATED BY FRCP RULE 37

Every party is entitled to a fair and impartial proceeding, and all litigants are

entitled to equal treatment. *U.S.A. v. Godwin*, 272 F.3d at 679, *supra; Coppedge v.*

*United States*, 369 U.S. at 447, *supra*. Here, PTO #17 unfairly favors defendants over

plaintiffs.

In paragraph 1c, the Order treats PPFs like interrogatories and requests for

production under Rules 33 and 34 of the Federal Rules of Civil Procedure,

respectively, and states a completed PPF "will be governed by the standards

applicable to written discovery under Federal Rules 26 through 37." JA 44. Yet, the

15

Order, in its treatment of plaintiffs of who fail to timely file a PPO, authorizes the district court to ignore the FRCP.

In contrast, defendants are afforded the procedural protections of Rule 37 and the body of law which construes it. FRCP Rule 37 provides for a motion to compel discovery, which can only be filed after "the movant has in good faith conferred or attempted to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." (Subd. (a)(1).) The only available sanction, if the motion is granted, is payment of expenses, including attorney fees, incurred by the moving party. (Subd. (a)(5).) For defendants, only violation of a court order can result in non-monetary sanctions, such as entry of default. Yet, a defaulting plaintiff is subject to immediate dismissal, without intermediate sanctions.

An appellate court reviews Rule 37 sanctions, including entry of default judgment, for abuse of discretion. *Wilson v. Volkswagen of Am., Inc.*, 561 F.2d 494, 505-506 (4th Cir. 1977). As discussed above, this court has developed a four-part test for a district court to use when determining what sanctions to impose under Rule 37. The court must determine (1) whether the non-complying party acted in bad faith, (2) the amount of prejudice that noncompliance caused the adversary, (3) the need for deterrence of the particular sort of non-compliance, and (4) whether less drastic sanctions would have been effective. *Anderson v. Foundation for Advancement,*

16

*Educ. and Employment of American Indians*, 155 F.3d 500, 505 (4th Cir. 1998).

> The deterrence and lesser sanctions factors are somewhat
> intertwined. First, the continued abuses cited by the court
> as evidence of the Foundation's bad faith demanded some
> form of punishment. Lesser sanctions did not deter such
> behavior. . . . Thus, entry of a default judgment ws
> warranted both as a deterrent and as a last-resort sanction
> following the Foundation's continued disregard of prior
> warnings.

*Id.* at 505.

While the imposition of sanctions under Rule 37(b) lies within the trial court's

discretion, "[i]t is not ... a discretion without bounds or limits." *Wilson v. Volkswagen*

*of Am.*, 561 F.2d at 503, *supra*. In the case of default, the "range of discretion is more

narrow" than when a court imposes less severe sanctions. *Id.*

But there is no comparable standard for dismissal of a defaulting plaintiff's

action. Per the terms of Order # 17, while defendants are entitled to the procedural

protections of Rule 37, and the cases construing it, Hustons is not. Therefore,

plaintiffs, like Hustons, are not treated equally by the PTO.

## V. CONCLUSION

Based on the foregoing, district court's dismissal of the Hustons' action, should

be reversed. This matter should be remanded to the district court, with instructions

to reinstate the matter on the court's active list of cases.

17

Dated: 04/18/2014

Respectfully submitted,

DUTTON, BRAUN, STAACK &
HELLMAN, P.L.C.
Attorneys for Appellants

BY: __/s/ James H. Cook_____

James H. Cook,  AT0001622
3151 Brockway Road
P.O. Box 810
Waterloo, Iowa 50704
(319) 234-4471
(319) 234-8029 -Fax
E-Mail: cookj@wloolaw.com

18

## REQUEST FOR ORAL ARGUMENT

Appellants request oral argument in this matter. Oral argument should be allowed because of the unique factual background and issues involved in this appeal, particularly the significant federalism issues involved in the appropriate standards for imposition of terminating sanctions in complex litigation involving thousands of claimants.

Dated: 04/18/2014

Respectfully submitted,

DUTTON, BRAUN, STAACK &
HELLMAN, P.L.C.
Attorneys for Appellants

BY:  /s/ James H. Cook
James H. Cook,  AT0001622
3151 Brockway Road
P.O. Box 810
Waterloo, Iowa 50704
(319) 234-4471
(319) 234-8029 -Fax
E-Mail: cookj@wloolaw.com

19

## UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

No. 14-1219       Karen Huston and Verlon Huston v. Johnson & Johnson and Ethicon, Inc.

### CERTIFICATE OF COMPLIANCE WITH RULE 28.1(e) or 32 (a)
Certificate of Compliance with Type-Volume Limitation,
Typeface Requirements, and Type Style Requirements

1. This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

> This brief contains 3,928 words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2. This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type style requirements of Fed. R. App. P. 32(a)(6) because:

> This brief has been prepared in proportionally spaced typeface using Microsoft Word Perfect X6 with Times New Roman, 14 type.

Dated: 04/18/2014

> DUTTON, BRAUN, STAACK &
> HELLMAN, P.L.C.
> Attorneys for Appellants
>
> BY:   /s/ James H. Cook
> James H. Cook,  AT0001622
> 3151 Brockway Road
> P.O. Box 810
> Waterloo, Iowa 50704
> (319) 234-4471
> (319) 234-8029 -Fax
> E-Mail: cookj@wloolaw.com

20

## CERTIFICATE OF SERVICE

I hereby certify that on the 18th day of April, 2014, I caused the Opening Brief

of Appellants and Joint Appendix to be filed electronically with the Clerk of the

Fourth Circuit using the CM/ECF system, which will send notice of such filing

to all participants in the case who are registered CM/ECT users.

DUTTON, BRAUN, STAACK &
HELLMAN, P.L.C.
Attorneys for Appellants

BY: __/s/ James H. Cook_____
James H. Cook,   AT0001622
3151 Brockway Road
P.O. Box 810
Waterloo, Iowa 50704
(319) 234-4471
(319) 234-8029 -Fax
E-Mail: cookj@wloolaw.com